**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ADAM BAKER, as Personal Representative to the
Estate of ZACHARY BARELA,

      Plaintiff,

v.                                   No. 2:22-cv-152 KWR/KRS

CORIZON HEALTH, INC., et al.,

      Defendants.

**ORDER HOLDING IN ABEYANCE RULING ON MOTION TO COMPEL**

THIS MATTER is before the Court *sua sponte* and on review of Plaintiff's Motion to Compel Discovery, (Doc. 26), seeking production of a "mortality review" that was prepared after Mr. Barela's death.  The attorneys in this case recently briefed a similar motion in another case filed in this district, *Garcia v. Board of County Commissioners for the County of Dona Ana, et al.*, 21cv485 DHU/GJF.  In *Garcia*, the assigned Magistrate Judge entered an Order Compelling Discovery and ordered Defendant Corizon Health, Inc. ("Defendant" or "Corizon"), to produce the mortality review to the plaintiff.  (Doc. 88, filed in 21cv485 DHU/GJF).  Corizon filed objections to that Order and the Magistrate Judge stayed production of the mortality review pending the presiding judge's ruling on the objections.  (Doc. 90, filed in 21cv485 DHU/GJF).

Due to the procedural posture of the Motion to Compel in *Garcia*, and the apparent similarities of the issues addressed by the Magistrate Judge in that case, the Court ordered the parties to file a written notice as to whether the mortality review at issue in *Garcia* is identical or substantively similar to the mortality review at issue in this case, and to describe any differences between the documents at issue.  (Doc. 56).  In response to that Order, Corizon filed a notice stating "[t]he subject mortality review that is claimed to be privileged by Defendant comprises a

2 page narrative summary of the medical treatment and care provided to Zachary Barela that was completed by Melissa Garcia, NP on or about August 29, 2019."  (Doc. 58) at 1.  Corizon further states "[t]he mortality review at issue here is similar to the documents that are claimed as privileged in the *Hector Garcia* case [Case No. 21cv485 DHU/GJF] except that: (i) Melissa Garcia, NP is not a provider who provided medical treatment to Zachary Barela during the August 28, 2019, incident that forms the basis of the plaintiff's lawsuit; and (ii) there is no additional document discussing any type of further discussion to be had with the providers/nurses who provided treatment to Zachary Barela during the August 28, 2019, incident … ."  *Id.* at 1-2.  Plaintiff filed a separate notice stating "[t]he issues in [*Garcia*] are substantially similar to those issues before this Court as briefed pursuant to Plaintiff's Motion to Compel Discovery (Doc. 26)."  (Doc. 59) at 1.  Plaintiff states that it has not seen the mortality reviews in either case and cannot comment on the similarity between the two documents, but notes that the declaration provided in the *Garcia* case is different from the declaration provided in this case in that the declaration in this case "does not claim that the mortality review prepared for Mr. Barela was 'created for the sole purpose of reporting to Corizon's [patient safety organization "PSO"].'"  *Id.* (citing Doc. 30-1, Exhibit 1).

Corizon argues the mortality review at issue in this case is privileged under the Patient Safety Quality Improvement Act of 2005 ("PSQIA") because "the document qualifies as patient safety work product," and because the document was "created for the specific reporting to a PSO."  (Doc. 31) at 4-5.  In *Garcia*, the Magistrate Judge considered and rejected the same arguments set forth by Corizon here – that the mortality review in that case was privileged under PSQIA because it qualifies as patient safety work product and was created for the specific purpose of reporting to a PSO.  *See* (Doc. 88 at 7-13, filed in Case No. 21cv485 DHU/GJF).  As

stated above, Corizon filed objections to that Order and the Magistrate Judge stayed production of the mortality review pending the presiding judge's ruling on the objections.  (Doc. 90, filed in 21cv485 DHU/GJF).

Because the mortality reviews in both of these cases are substantially similar, and Corizon asserts the same arguments as to why the withheld documents are privileged under the PSQIA, the *Garcia* decision will be instructive to the Court's decision here.  Accordingly, the Court finds that it would be in the interests of judicial economy and efficiency to hold its ruling on Plaintiff's Motion to Compel in abeyance pending the outcome of the objections in *Garcia*.

IT IS THEREFORE ORDERED that the parties shall file a notice when the presiding judge in *Garcia* rules on the objections to the Order Compelling Discovery.  At that time, the Court will enter an order on Plaintiff's Motion to Compel, (Doc. 26).

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE

3