IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM BAKER, as Personal Representative to the
Estate of ZACHARY BARELA,

      Plaintiff,

v.                                        No. 2:22-cv-152 KWR/KRS

CORIZON HEALTH, INC.,

      Defendant.

## ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW

THIS MATTER is before the Court on Defendant's counsel's Motion to Withdraw as Counsel for Defendant Corizon Health, Inc., filed February 10, 2023. (Doc. 61). Defendant's counsel states "[t]here is an irreconcilable conflict between counsel for this defendant and the named defendant regarding obligations owed by defendant to counsel under the attorney-client agreement." (Doc. 61) at 1. Defendant's counsel further states that Defendant "will not consent to the withdrawal" and that Defendant's counsel served a copy of the Motion to Withdraw on Corizon Health, Inc. *Id.* In addition, Defendant's counsel provides notice to Corizon Health, Inc. that pursuant to Local Rule 83.8, it may only appear in this case through an attorney and that, absent entry of appearance by a new attorney, any filings made by Corizon Health, Inc. may be stricken and a default judgment or other sanctions may be imposed. *Id.* at 2.

On February 15, 2023, Defendant filed a Suggestion of Bankruptcy and Notice of Automatic Stay, stating Corizon Health, Inc. filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Texas, pursuant to Chamber 11 of the Bankruptcy Code. (Doc. 62). Defendant states that Section 362 of the Bankruptcy Code provides that the

commencement of the Chapter 11 case operates as a stay of the continuation of a judicial action against Defendant. *Id.* (citing 11 U.S.C. § 362(a)).

Defendant Corizon Health, Inc. has not filed objections to the Motion to Withdraw, which constitutes consent to grant the motion. *See* D.N.M. LR-Civ. 83.8(b) (providing that objections to a contested motion to withdraw must be filed within fourteen days from the date of service of the motion, and that "failure to object within this time constitutes consent to grant the motion"). Nevertheless, as a business entity, Defendant Corizon Health, Inc. "can appear only with an attorney," and "[a]bsent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed." D.N.M. LR-Civ. 83.8(c). Therefore, considering the automatic stay as to Defendant Corizon Health, Inc. pursuant to the bankruptcy proceeding, the Court denies the Motion to Withdraw without prejudice and with leave to re-file if Corizon Health, Inc. obtains new counsel.

IT IS THEREFORE ORDERED that Defendant's counsel's Motion to Withdraw as Counsel for Defendant Corizon Health, Inc., (Doc. 61), is DENIED without prejudice.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE